UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON K. MELTON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JAN ZIMMERMAN, United States Postal Service, Postmaster,<br><br>　　　　　　Defendant. | 4:15-CV-04114-KES<br><br><br>ORDER GRANTING<br>MOTION TO DISMISS |

**INTRODUCTION**

Plaintiff, Clayton K. Melton, filed this pro se lawsuit in Small Claims Court, naming Jan Zimmerman as defendant. Docket 1. Zimmerman removed the case to this court and filed a motion to dismiss for lack of subject matter jurisdiction. *Id.*; Docket 3. For the reasons below, the motion is granted, and Melton's complaint is dismissed.

**FACTUAL BACKGROUND**

Melton filed a lawsuit in Small Claims Court of the Second Judicial Circuit. Docket 1-1. He claimed he was over charged for "Premium Forwarding Service" for 16 weeks. *Id.* at 2. He claimed $109.98 in damages. *Id.* at 1. The United States removed the case to federal district court, arguing in their notice of removal that this court has jurisdiction over complaints brought against the United States, and the United States should be substituted for the named

defendant. Docket 1 at ¶7; Docket 4 at 2. The United States now moves to dismiss for lack of subject matter jurisdiction. Docket 3.

## LEGAL STANDARD

Pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

## DISCUSSION

As an initial matter, this court agrees with the United States that it is the defendant in this case rather than Zimmerman. " 'A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.' " *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 857 (8th Cir. 2014) (quoting *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006), 460 F.3d 979, 986 (8th Cir. 2006)).

### I. The Court Lacks Subject-Matter Jurisdiction

The United States argues that this court lacks subject-matter jurisdiction. "[S]ubject-matter jurisdiction necessarily precedes a ruling on the merits[.]" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

In *LeMay v. U.S. Postal Serv.*, 450 F.3d 797 (8th Cir. 2006), the Eighth Circuit Court of Appeals affirmed dismissal of a similar claim. LeMay claimed that the USPS entered into and breached a contract by charging higher rates for priority mail while it failed to provide priority service. *Id.* at 798.

In dismissing the complaint, the court analyzed the Postal Reorganization Act ("PRA") of 1970. *Id.* at 799. The PRA gives district courts broad jurisdiction over matters involving the USPS, but this jurisdiction may be preempted when a " 'precisely drawn, detailed statute' places jurisdiction elsewhere." *Id.* (quoting *Goodin v. United States Postal Inspection Service*, 444 F.3d 998, 1001 (8th Cir. 2006)). The court found that "Congress removed the district courts' jurisdiction over claims regarding postal rates and services." *Id.* 39 U.S.C. § 3662 provides:

> Interested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title or who believe that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe.

*Id.* After reviewing the PRA's legislative history, the court held that this remedy is exclusive. *Id.* at 800.

The court found that LeMay's allegations raised "classic questions of postal rates and services." *Id.* at 801. LeMay could not "avoid the PRC's exclusive jurisdiction over commonplace service complaints through artful pleading." *Id.* Therefore, the dismissal was affirmed.

Other courts have dismissed similar claims. *Erickson v. U.S. Post Office*, No. CIV. 06-186 JRT/RLE, 2006 WL 2583158 (D. Minn. Sept. 7, 2006) *aff'd as modified*, 250 F. App'x 757 (8th Cir. 2007); *Martens v. Sjostrom*, No. CIV. 13-2297 JRT/JSM, 2014 WL 1356139 (D. Minn. Apr. 7, 2014).

Melton's complaint provides few facts, but his argument is indistinguishable from LeMay's. He claims that the service he was provided

was not the same as the service for which he paid. This claim is exactly the type of claim described in 39 U.S.C. § 3662. A complaint to the Postal Rate Commission is his exclusive remedy. As a result, this court lacks subject matter jurisdiction to hear Melton's claim.

It is ORDERED that defendant's motion to dismiss for lack of subject-matter jurisdiction (Docket 3) is granted. Plaintiff's complaint is dismissed without prejudice.

Dated November 20, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE